IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIS LEE JOHNSON, | | |
| Petitioner, | | No. CIV S-05-2460 FCD DAD P |
| vs. | | |
| M.S. EVANS, | | <u>ORDER AND</u> |
| Respondent. | | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the ground that the petition was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and (2). Petitioner has opposed the motion, and respondent has filed a reply.

      For the reasons set forth below, the undersigned will recommend that respondent's motion be granted.

PROCEDURAL HISTORY

      On September 26, 2001, petitioner was convicted in the Sacramento County Superior Court of first degree burglary and receiving stolen property. On January 18, 2002, he received an indeterminate sentence of 37 years to life in state prison. (Pet. at 3; Mot. to Dismiss ("MTD") at 1, Lodged Docs. 1 and 2.) On October 23, 2003, petitioner's judgment was affirmed

1 by the California Court of Appeal for the Third Appellate District.  (Pet. at 3; MTD at 1, Lodged
2 Doc. 2.)  Review was denied by the California Supreme Court on January 14, 2004.  (Pet. at 4;
3 MTD at 1-2, Lodged Docs. 3 and 4.)  Petitioner did not file any habeas petitions in the state
4 courts.  (Pet. at 4-5; MTD at 2.)

5 Petitioner's federal habeas petition is dated November 14, 2005, and includes a
6 proof of service reflecting that the petition was delivered to prison officials for mailing on
7 November 14, 2005.  The petition was received for filing on December 6, 2005.

8 THE PARTIES' ARGUMENTS

9 Respondent asserts that petitioner's judgment of conviction became final on April
10 13, 2004, upon expiration of the 90-day period during which petitioner could have filed a petition
11 for certiorari in the United States Supreme Court after the California Supreme Court denied
12 review on January 14, 2004.  Respondent contends that the one-year period of limitation began to
13 run on April 14, 2004, and expired on April 13, 2005, because petitioner did not file any state
14 post-conviction collateral actions within the limitations period.  Respondent concludes that the
15 federal petition filed December 6, 2005, is time-barred and should be dismissed with prejudice.

16 Petitioner does not contest respondent's contentions concerning dates.  Nor does
17 he assert that he filed any state habeas petitions that would entitle him to statutory tolling.
18 Petitioner argues that his federal habeas petition should be accepted as timely under the equitable
19 tolling doctrine, which he describes as a rule providing that "under certain specified or
20 'extraordinary' circumstances the limitations period may begin running later (tolled) if such a
21 circumstance prevented a petitioner from being able to file within the one-year limitations
22 period."  (Pet'r's Opp'n at 2-3.)

23 Petitioner contends that mental illness is an extraordinary circumstance and that
24 he is entitled to equitable tolling on that ground.

25 > It is the Petitioner's argument that from April 14, 2004 to
> December 6, 2005 his mental health status was such that it
26 > prevented him from being able to file his petition within the normal

2

1  |  one-year statute of limitations, and that due to this "extraordinary"
2  |  circumstance beyond his control, the equitable tolling rule should
3  |  be applied in this case.  The Petitioner has a long history of mental
   |  illness, and from April 14, 2004 to December 6, 2005 he was
4  |  housed in the California Department of Corrections Mental Health
   |  Facility, where he was under psychiatric doctors care and receving
5  |  [sic] treatment for his mental illness.  It was only after receiving
   |  this treatment that his mental health status had stabilized to the
6  |  point of being able to file his petition.  In the case of (Calderon v.
   |  U.S. Dist. Court for Cent. Dist. of California (Kelly) 163 F.3d 530
7  |  at 541) the United States Court of Appeals, Ninth Circuit held that
   |  "a habeas petitioners mental incompetency is obviously an
8  |  extraordinary circumstance beyond a prisoners control" and that in
   |  such instances equitable tolling should apply.

9  (Pet'r's Opp'n at 3.)  Petitioner requests that his petition be accepted as timely and that

10  respondent's motion be denied.

11       In reply, respondent argues that petitioner should not benefit from equitable

12  tolling on the basis of his claim that he suffered from a mental health condition from April 14,

13  2004, to December 6, 2005.  Respondent notes that it is petitioner's burden to establish that he

14  pursued his rights diligently and some extraordinary circumstance stood in his way.  Respondent

15  cites the Supreme Court's admonition that equitable tolling should be invoked sparingly and will

16  not toll a statute of limitations for a garden variety claim of excusable neglect.

17       Respondent observes that petitioner has provided no specific details in support of

18  his claim of mental illness and has offered only a vague reference to "a long history of mental

19  illness" and an assertion that he was housed in a mental health facility from April 14, 2004, to

20  December 6, 2005, where he was under psychiatric doctors' care and was receiving treatment for

21  mental illness.  Respondent argues that petitioner has not indicated how his mental disorder or

22  disorders affected his functioning , has not identified his mental illness, has not specified the

23  severity of his illness, has not described the effect of any medication he was prescribed, and has

24  not explained the limitations he suffered as a result of his mental health issues.

25       Respondent has lodged copies of petitioner's mental health records.  (Resp't's

26  Reply, Lodged Doc. 5.)  Respondent points out that petitioner was designated at the CCCMS

level of care – the lowest level of mental health care for higher functioning inmates housed in the general population – at Salinas Valley State Prison from April 2004 to August 2005. (Resp't's Reply at 3, Lodged Doc. 5.) Respondent asserts that the records reflect the following: petitioner entered the Enhanced Outpatient Program ("EOP") on August 10, 2005, at his own request in order to participate in that program; petitioner successfully completed the EOP on December 18, 2005; petitioner was never given inpatient status or placed in a crisis bed. (Resp't's Reply, Lodged Doc. 5.)

Respondent argues that, during the entire time the statute of limitations was running, i.e., from April 2004 to April 2005, petitioner was designated at the lowest level of mental health care, and he was not admitted to the EOP until August 10, 2005, after the statute of limitations had already expired and at his own request. Respondent contends that this record does not entitle petitioner to equitable tolling. Respondent cites cases in which equitable tolling was denied in the absence of facts supporting a petitioner's conclusory assertion of entitlement to equitable tolling. (Resp't's Reply at 3-4.)

Respondent also provides a copy of a printout from the CDCR inmate/parolee appeals tracking system to show that petitioner had the mental faculty to properly prepare inmate appeals. (Resp't's Reply at 4, Lodged Doc. 6.) Respondent argues that petitioner's ability to file and pursue grievances regarding other matters precludes him from claiming entitlement to equitable tolling based on alleged lack of mental ability to bring a timely federal habeas petition.

Respondent concludes that petitioner has failed to meet his burden of proving entitlement to equitable tolling and that the court should therefore grant respondent's motion to dismiss despite petitioner's request for equitable tolling.

## ANALYSIS

A one-year period of limitation applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run on the date on which the petitioner's judgment of

1 conviction becomes final by the conclusion of direct review or the expiration of the time for
2 seeking such review. 28 U.S.C. § 2244(d)(1)(A).

3       The undersigned finds that petitioner's judgment became final on April 13, 2004,
4 and that the statute of limitations began running on April 14, 2004, and expired on April 13,
5 2005. Pursuant to the mailbox rule applicable to prisoners, the undersigned deems petitioner's
6 federal habeas petition to have been filed on November 14, 2005, seven months after the statute
7 of limitations expired. This action is time-barred unless petitioner is entitled to equitable tolling.

8       The AEDPA statute of limitations is subject to equitable tolling "only when
9 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on
10 time' and 'the extraordinary circumstances were the cause of his untimeliness.'" Laws v.
11 Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th
12 Cir. 2003)). Equitable tolling will not be routinely available in habeas corpus cases because
13 district courts are expected to "take seriously Congress's desire to accelerate the federal habeas
14 process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir.
15 1997)). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting that equitable
16 tolling is "unavailable in most cases").

17       "[A] litigant seeking equitable tolling bears the burden of establishing two
18 elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
19 circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A prisoner
20 will be entitled to equitable tolling only if he demonstrates that forces other than his own lack of
21 diligence accounted for his failure to file a timely federal habeas petition. See, e.g., Corjasso v.
22 Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (applying equitable tolling where the district court's
23 error and its consequences consumed 258 days of the 365-day period for filing a habeas petition);
24 Miles, 187 F.3d at 1107 (applying equitable tolling where the delay in filing a habeas petition
25 was attributable to prison officials' failure to mail a properly submitted and timely petition);
26 Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541-42 (9th Cir. 1998) (en banc)

1  (applying equitable tolling where the delay was due to an earlier court-ordered stay of the habeas
2  proceedings, the prisoner's mental incompetency rendered him unable to assist his attorney in
3  preparing his petition, and timely habeas proceedings that had been pending at one time were
4  mistakenly dismissed); Beeler, 128 F.3d at 1288-89 (holding that the withdrawal of court-
5  appointed federal habeas counsel, who moved out of state and whose work product was not
6  usable by replacement counsel, qualified as an extraordinary circumstance that justified tolling of
7  the statute of limitations).  Cf. Martin v. Lewis, No. C 98-2934 CAL (PR), 1999 WL 144877, at
8  *2-3 (N.D. Cal. Mar. 11, 1999) (prisoner was not entitled to equitable tolling where attorney
9  retained by the prisoner's mother to evaluate his case did not file a federal habeas petition within
10 the statute of limitations and did not return the prisoner's documents to him in a timely manner,
11 but the prisoner failed to act diligently to obtain the return of his documents), aff'd, 210 F.3d 384
12 (9th Cir. 2000).

13         Mental incompetency may equitably toll the AEDPA limitation period because
14 mental incompetency is an extraordinary circumstance beyond a prisoner's control.  Kelly, 163
15 F.3d at 541 (finding that the prisoner's serious mental problems were documented by a report
16 listing extensive behavioral manifestations of his mental illnesses and by a psychiatrist's
17 conclusion that the severity of the prisoner's mental disorder precluded him from appreciating his
18 legal position and making rational choices with respect to court proceedings).  When a federal
19 habeas petition is untimely and the record creates a genuine basis for concern about the
20 petitioner's mental state, the district court must consider whether mental illness during the
21 operative time made it impossible for the petitioner to file a timely petition.  Id.

22         A mere showing of mental illness is insufficient, however, as mental illness will
23 toll a limitation period "only if the illness *in fact* prevents the sufferer from managing his affairs
24 and thus from understanding his legal rights and acting upon them."  Miller v. Runyon, 77 F.3d
25 189, 191 (7th Cir. 1996).  A petitioner who asserts entitlement to equitable tolling on grounds of
26 mental illness must show that his illness actually rendered him unable to file his federal habeas

6

petition before the limitation period expired.  See id. at 192; United States v. Sayetsitty, Nos. CR 94-243 PCT RCB, CIV 05-1580 PCT RCB (JI), 2006 WL 1722300, at *4 (D. Ariz. June 19, 2006) (no equitable tolling for physical illness and mental incompetency because the § 2255 movant failed to present any evidence that the alleged infirmity and incompetence prevented him from filing a timely motion); Shafer v. Knowles, No. C03-1165 SI (PR), 2003 WL 22127878, at *2 (N.D. Cal. Aug. 14, 2003) (no equitable tolling where the prisoner was in a mental health facility, had twice attempted suicide, had several brief crisis bed stays, and was taking medication for his mental illness but failed to show that he was mentally incompetent for purposes of attending to his legal affairs); Howell v. Roe, No. C 02-1824 SI, 2003 WL 403353, at *3-4 (N.D. Cal. Feb. 20, 2003) (no equitable tolling where the prisoner had been suicidal and/or depressed and was taking medications to treat his mental illness but did not provide evidence of incompetence); Austin v. Ramirez-Palmer, No. C 01-573 SI (PR), 2001 WL 1167553, at *2-3 (N.D. Cal. Sept. 25, 2001) (no equitable tolling where the prisoner had a mental illness and was taking several psychotropic medications but was well enough to hold a prison job and failed to show he could not tend to his legal affairs during the relevant time period); Ross v. Hickman, No. C 00-2887 CRB (PR), 2001 WL 940911, at *2-3 (N.D. Cal. Aug. 10, 2001) (no equitable tolling where the prisoner was enrolled in a prison mental health program and was receiving psychotropic medication but was not mentally incompetent and failed to show that his history of schizophrenia and substance abuse prevented him from filing a habeas petition on time); United States v. Hill, Nos. CR 92-173-FR & CIV. 99-1093-FR, 2000 WL 1389594, at *2 (D. Or. Sept. 18, 2000) (no equitable tolling where the prisoner asserted diminished mental capacity but was examined and found competent to proceed at the time of his guilty plea and was examined again in a subsequent prosecution in another state and was found to be suffering from no mental illness or psychotic disorder).

The determination of a prisoner's entitlement to equitable tolling "turn[s] on an examination of detailed facts." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).  See also

1  Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc).  Accordingly, the
2  undersigned has carefully considered the parties' arguments and evidence concerning petitioner's
3  entitlement to equitable tolling.

4  Petitioner's assertion of entitlement to equitable tolling has been presented in an
5  opposition that is not signed under penalty of perjury, is not accompanied by a declaration signed
6  under penalty of perjury, and is not supported by any mental health records or other documentary
7  evidence concerning his mental illness.  Respondent has lodged petitioner's mental health
8  records together with a declaration by the custodian of those records.  The progress notes reflect
9  that while the AEDPA statute of limitations was running for petitioner he was assigned to the
10 CDCR's CCCMS program,[1] participated in group therapy, had frequent one-on-one meetings
11 with mental health staff, was assessed regularly by a treatment team, and was seen in the mental
12 health clinic from time to time.  During the one-year period, petitioner was regularly assessed as
13 stable psychiatrically, and all aspects of his mental health were found to be within normal limits
14 throughout that time.  Staff repeatedly found petitioner stable on his medications with no side
15 effects and recorded that petitioner's sleep, appetite, and energy level were good.

16 Prior to March 9, 2005, petitioner occasionally refused medications and
17 sometimes declined a one-on-one meeting with staff in his cell but consistently indicated that he
18 had no problems.  On March 9, 2005, petitioner reported that he was not doing well and was
19 stressed out by his placement in administrative segregation in February for non-disciplinary
20 reasons.  Despite petitioner's stress and serious medical conditions, petitioner remained stable.

21 Petitioner's mental health records after the statute of limitations expired on April
22 13, 2005, reflect that the treatment team continued petitioner in the CCCMS program on May 25,
23 2005, but petitioner requested a move to the EOP program in order to get out of administrative

---

[1] In progress notes dated March 22, 2005, Dr. Exum wrote that there had been "variable diagnostic impressions," including mood or psychotic disorders, paranoid schizophrenia, and bipolar disorder in remission.  After bipolar disorder was ruled out, the diagnosis was polysubstance disorder and antisocial personality disorder.

segregation and be able to program and participate in groups.  Staff approved EOP pending the transfer requested by petitioner but deferred due to a medical hold.  In December 2005 petitioner requested return to the CCCMS program on the ground that he had addressed all his issues.  On December 8, 2005, staff determined that petitioner should be returned to the CCCMS level of care, having successfully completed EOP.

Petitioner's mental health records do not demonstrate that he suffered from a mental illness that prevented him from preparing a federal habeas petition.  In particular, petitioner did not complain of inability to prepare legal documents due to his mental illness or due to prescribed medications.  Petitioner's inmate appeal records show that he filed and pursued three inmate appeals between November 2003 and March 2005, one concerning medical issues, which was granted on March 2, 2004, and two concerning property issues, both of which were denied in 2005.

On this record, the undersigned cannot find that extraordinary circumstances beyond petitioner's control made it impossible for him to file a federal habeas petition on or before April 13, 2005.  Petitioner has not carried his burden of showing that he is entitled to equitable tolling, and this action should be dismissed as barred by the statute of limitations.

## PETITIONER'S ADDRESS OF RECORD

Petitioner's address of record is Salinas Valley State Prison, and the most recent document filed by petitioner – his opposition to respondent's motion to dismiss – bears that address. Petitioner's copy of the court's November 21, 2006 order granting respondent an extension of time to file a reply was returned to the court marked "Return to Sender - no longer at this institution." In respondent's reply, counsel indicates that petitioner's copy of respondent's request for leave to file a late reply was returned because petitioner is no longer at Salinas Valley State Prison.  Respondent has learned that petitioner is now housed at Folsom State Prison.

The case opening documents served on petitioner on December 7, 2005, advised petitioner of his continuing duty to notify the Clerk and all other parties of any change of address.

Service of documents on a party's address of record is fully effective. In the interests of justice, the court will direct the Clerk to change petitioner's address to that provided by respondent. No future change of address will be made on petitioner's behalf except upon proper notice by petitioner himself.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall change petitioner's address of record from Salinas Valley State Prison to Folsom State Prison, P.O. Box 71, Represa, CA 95671, and shall serve this order and findings and recommendations on petitioner at that address;

IT IS RECOMMENDED that:

1. Respondent's June 1, 2006 motion to dismiss (docketed as #7) be granted; and

2. This action be dismissed with prejudice as barred by the statute of limitations.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 18, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
john2460.mtd